# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1113 | DATE | 10/6/2003 |
| CASE TITLE | | Thornbrook vs. Rivercross | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court grants plaintiff's motion for entry of a modified preliminary injunction (36-1). The preliminary injunction is modified, effective immediately, to require defendants Rivercross Foundation, David P. Mahany, and Walter Maslowski, and all persons acting in concert with them who may be deemed to have notice or upon whom this order is served, to deposit into the registry of this Court on or before 10/23/03, the sum of $3,485,000 in United States dollars.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 07 2003 | 43 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

OCT 0 7 2003

| | |
|---|---|
| THORNBROOK INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RIVERCROSS FOUNDATION; DAVID ) <br> MAHANY; WALTER MASLOWSKI; and ) <br> MARJORIE RAWLS ROBERTS, P.C., ) <br> ) <br> Defendants. ) | Case No. 03 C1113 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Thornbrook International, Inc. entered into a revocable grantor trust agreement with defendant Rivercross Foundation in August 2001, pursuant to which Thornbrook deposited $5 million with Rivercross. The agreement required Rivercross to maintain the trust assets in a demand deposit or custodial account at a bank or financial institute rated A or better by Standard & Poor's or Moody's and to keep the assets free and clear of all liens, claims, and encumbrances. The assets were to be held in cash or equivalents (United States government-guaranteed securities or instruments of similar quality and liquidity) and were to be held "on a non-depletion basis," i.e. they were not to be invested in depreciable or depletable assets. The agreement provided that upon its expiration, "or upon demand of [Thornbrook] in accordance with the terms of this trust," Rivercross "shall return 100% of the Trust Res (Principal) to [Thornbrook] as sole beneficiary." Thornbrook was permitted to revoke the trust upon thirty days written notice.

Between July 23 and September 5, 2002, Thornbrook sent Rivercross a series of written

notices revoking the trust as to various amounts that added up to $5 million, the total amount of funds it had deposited. The last of these notices took effect on October 5, 2002. According to Thornbrook, however, Rivercross, via its representatives David Mahany and Walter Maslowski stalled returning the funds (except for the first installment of $250,000) and offered phony excuses for their delays. By January 24, 2003, only $1,115,000 of the $5,000,000 had been returned.

On February 13, 2003, Thornbrook sued Rivercross, Mahany, and Maslowski (to whom we will refer collective as "the Rivercross defendants") for breach of the trust agreement, conversion, breach of fiduciary duty, fraud, and civil conspiracy, and for imposition of a constructive trust and for an accounting. They also sued attorney Marjorie Rawls Roberts, P.C., who was designated as "trust protector" pursuant to a contract she made with Rivercross of which Thornbrook claimed to be third party beneficiary.

On March 3, 2003, the Rivercross defendants agreed to entry of a preliminary injunction order in which they represented that the trust *res* was "being held at banking institutions." The order preliminary enjoined them from "transferring or otherwise encumbering or using for any purpose the trust *res* ... or funds held in any banking institution that represent, or are traceable to the trust *res*," except that defendants were permitted to transfer the funds to a specified Bank of Montreal account for the purpose of returning the funds to Thornbrook. *See* Order of March 3, 2003.

In July 2003, Thornbrook moved for entry of a rule to show cause why the Rivercross defendants should not be held in contempt for violating the order. In its motion, Thornbrook stated that it had learned that the trust funds were held in a Credit Suisse Privatebank account

2

under the name Geryline Participation Corporation and that the funds were "blocked." It also alleged that Rivercross was claiming that it lacked direct control over the trust funds and that it had given that authority to Rudolf Keller, an individual not affiliated with Rivercross. Thornbrook alleged that Rivercross had not advised Keller, Geryline, or Credit Suisse of the agreed preliminary injunction order, and that Rivercross had failed to produce current bank statements for the account.

After holding an evidentiary hearing, the Court found that Rivercross had failed to prove the terms of the preliminary injunction had been violated since its entry. The "block" on the funds predated the preliminary injunction, and there was no showing that the defendants had, since the injunction, caused or permitted any further encumbrances of the trust *res* -- the only prohibition that the injunction imposed upon them. The Court therefore vacated the rule to show cause.

In connection with its findings, the Court indicated that the circumstances of the investment of the trust funds were rather suspicious and that Thornbrook might wish to consider seeking modification of the injunction. Thornbrook has now filed such a motion. It asks the Court to direct the Rivercross defendants to pay $3,485,000 into the registry of the Court, to be held pending final adjudication on the merits.[1] The Rivercross defendants do not dispute that it owes this amount to Thornbrook, *see* Dfdt. Resp. to Pltf. Mot. for Entry of Modif. Prelim. Inj. Order at 6, but they contest the proposed modification. They say that due to the "block" imposed on the funds, a ten percent penalty would be assessed upon withdrawal, a not-inconsiderable

---

[1] There is a dispute regarding whether $15,000 of the amount returned by Rivercross was a return of the trust *res* or payment for certain expenses. Thornbrook has asked the Court to order deposit only of the undisputed amount.

3

sum. The Rivercross defendants also argue that the relief sought amounts to the relief Thornbrook would obtain if it prevailed on the merits, making it an inappropriate subject for preliminary injunctive relief. Defendants also make other arguments which the Court will address in the body of this ruling.

## Discussion

A district court is authorized to modify a preliminary injunction if the proposed changes are equitable in light of subsequent changes in the facts or law, or for any other good reason. *See, e.g., Movie Systems, Inc. v. MAD Minneapolis Auto Distributors*, 717 F.2d 427, 430 (8th Cir. 1983); *Canal Authority v. Callaway*, 489 F.2d 567, 578 (5th Cir. 1974).

In this case, evidence that has become apparent since the original consent preliminary injunction was entered makes modification appropriate. Though the account or accounts in which the trust *res* is held was or were "blocked" prior to the entry of the agreed preliminary injunction, it has now become clear that the "block" was imposed well after Thornbrook's revocation of the trust agreement took effect. Thus rather than returning the trust property, the Rivercross defendants permitted it to become encumbered – an apparent violation of the trust agreement – after they became obligated to return the property to Thornbrook. In addition, more recently it has become apparent that the Rivercross defendants cannot or will not provide bank statements reflecting the continuing integrity of the trust *res* for any period after December 31, 2002. These two facts together are more than sufficient to warrant modification of the preliminary injunction.

A party seeking a preliminary injunction must establish some likelihood that it will prevail on the merits, the absence of an adequate remedy at law, and that it will suffer irreparable

harm without injunctive relief. *Publications International v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir.1996). If these threshold requirements are met, the court balances the irreparable harm to plaintiff against the harm that the enjoined party would experience if injunctive relief were granted, and also considers the interests of non-parties. *Id.*

Thornbrook has made a sufficient showing of likelihood of success on the merits. The Rivercross defendants do not dispute that they are required to return the trust property to Thornbrook; the only issue is when. Thornbrook is likely to succeed in its claim that whatever amount of time Rivercross had to comply with the properly-served revocation and demands for the return of the property, it was far less than the nearly one year period that has now passed. In addition, Thornbrook is likely to succeed in its claim that the Rivercross defendants violated the agreement and/or breached their fiduciary duty to Thornbrook by permitting the trust property to become encumbered ("blocked") in November 2002, after Thornbrook had revoked the agreement in full.

Thornbrook has also made a sufficient showing of the absence of an adequate remedy at law. Rivercross concedes that it had to obtain replacement funds to satisfy Thornbrook's demand even in part, and the evidence reflects that this took an extended period, long beyond what is likely to be considered reasonable by any standard. Moreover, the last bank statement or equivalent that has been produced by the Rivercross defendants covers the period ending on December 31, 2002; after that date there are only second-hand, verbal "assurances" of the integrity of the trust property. These same factors suffice to establish the likelihood of irreparable harm – i.e. the eventual inability of Rivercross to produce the trust funds – if the requested injunction is denied.

The balance of harms tilts in favor of the issuance of the requested modified injunction. The only harm identified by the Rivercross defendants is the 10% penalty that evidently will be imposed if the "block" on the trust property is broken. But as indicated earlier, the block was imposed in mid-November 2002, after the Rivercross defendants had become obligated to return the trust property to Thornbrook. Thus any potential harm to the Rivercross defendants was, as best as the Court can determine, the result of their own action or inaction in permitting the trust *res* to become encumbered after Thornbrook had revoked the trust agreement and demanded return of the trust property. Finally, there is no indication that any third party will be harmed if the requested modification to the preliminary injunction is made.

The Rivercross defendants argue that Thornbrook is essentially asking for all of the relief to which it would be entitled if it prevailed on the merits. Not so. Thornbrook requests that the funds be deposited into the registry of the Court, not (at this point) that they be returned to Thornbrook. In addition, if it prevails on the merits, Thornbrook may be entitled to relief beyond return of the funds.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for entry of a modified preliminary injunction [docket # 36-1]. The preliminary injunction is modified, effective immediately, to require defendants Rivercross Foundation, David P. Mahany, and Walter Maslowski, and all persons acting in concert with them who may be deemed to have notice or upon whom this order is served, to deposit into the registry of this Court on or before October 23,

6

2003 the sum of $3,485,000 in United States dollars.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   October 6, 2003