# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1113 | **DATE** | 7/30/04 |
| **CASE TITLE** | Thornbrook International vs. Rivercross Foundation | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the motion of defendants Rivercross, Mahany and Maslowski for summary judgment (124-1, 140-1) is granted in part and denied in part. The motion is granted as to plaintiff's claims for damages for loss of reputation, lost clients, mitigation/overhead expenses, post-revocation interest, and lost profits on investment in a golf course, but is otherwise denied. Roberts' motion for summary judgment has been ruled upon and is therefore terminated (85-1). The case is set for status hearing on 8/9/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | AUG 0 4 2004 date docketed | | 148 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | CDW docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| OR | courtroom deputy's initials | U.S. DISTRICT COURT CLERK | date mailed notice | | |
| | | 2004 AUG -3 PM 5: 13 | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

**DOCKETED**

**AUG 0 4 2004**

THORNBROOK INTERNATIONAL, INC., )
                                     )
              **Plaintiff,** )
                                     )
         vs.                           )      **Case No. 03 C 1113**
                                       )
RIVERCROSS FOUNDATION; DAVID P. )
MAHANY; WALTER MASLOWSKI; and )
MARJORIE RAWLS ROBERTS, P.C., )
                                       )
            **Defendants.** )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this ruling, the Court addresses the motion of Rivercross Foundation, David Mahany, and Walter Maslowski for summary judgment. Having recently issued a Memorandum Opinion that discussed the facts of the case in some detail, *see Thornbrook Int'l, Inc. v. Rivercross Foundation*, No. 03 C 1113, 2004 WL 1497762 (N.D. Ill. July 6, 2004), we will forego further discussion of the facts except as necessary to rule on the particular points raised in the pending motion.

### Liability of Mahany and Maslowski

Defendants Mahany and Maslowski moved for entry of summary judgment on the claims they are "personally liable for [Rivercross'] debts." *See* Rivercross, et al. Mot. for Summ. Judg. ¶ 3(f); Rivercross Summ. Judg. Mem. 14. This appears to address only certain of the claims against Mahany and Maslowski; the corporate obligations on which they are claimed to have individual liability are the claims for breach of Thornbrook's contract with Rivercross and for

148

breach of Rivercross' fiduciary duty – namely Counts 1 and 3 of the complaint. Mahany and Maslowski have been sued individually for conversion, fraud, and civil conspiracy – Counts 2, 4, and 5 – and, fairly read, their opening summary judgment memorandum (which included only a single paragraph addressing the claims against them) did not attack these individual-liability claims.

On Count 1, Mahany and Maslowski can be held liable only a theory of piercing Rivercross' corporate veil; on Count 3, they can be held liable either by way of veil-piercing or, as suggested in the Court's July 6 memorandum opinion, on a theory of collusion in Rivercross' fiduciary breach. *See Thornbrook Int'l, Inc. v. Rivercross Foundation*, 2004 WL 1497762, at *8, 9. There is sufficient evidence of the defendants' failure to observe corporate formalities, use of the corporate entity as a facade, and use of the corporation to commit a fraud or injustice to require a trial on the veil-piercing claims. In addition, with regard to Maslowski, there is evidence sufficient to permit Thornbrook to pursue him at trial individually on the fiduciary duty claim. *See id.* at 9. Inexplicably, Thornbrook has failed to address the possibility of a similar claim against Mahany, and its failure to do so means that it has conceded the point and will be unable to pursue such a claim at trial. Mahany's individual liability on Counts 1 and 3 will depend on Thornbrook's ability to prove its claim of veil piercing.

## Damages

Defendants also seek summary judgment on various aspects of Thornbrook's claim for consequential damages.

Defendants are entitled to summary judgment on the claim for damages for loss of reputation and lost clients. Thornbrook has produced no evidence of actual loss of reputation or

clients. The only evidence it offers is testimony from certain of its representatives who feel that

Thornbrook has gotten a "black eye" and that it is likely that past investors will not return in the

future. This evidence is entirely speculative and unsupported, and thus it is insufficient to

support a claim for damages in this regard. *See, e.g., Thornhill v. Midwest Physician Center of

Orland Park,* 337 Ill. App. 3d 1034, 1051, 787 N.E.2d 247, 261 (2003) (damages are speculative

and thus non-recoverable when uncertainty exists as to the fact of their existence).

Defendants are not entitled to summary judgment on the claim of damages resulting from

lawsuits against Thornbrook by joint venture partners who had contributed part of the *res* and

from an inquiry by Canadian regulators claimed to have resulted from the loss of the trust *res*.

Thornbrook has offered evidence that it incurred expenses in these matters. It is not clear

whether Thornbrook can, as it argues, recover its anticipated losses in one still-pending lawsuit;

those damages might be non-recoverable, or Thornbrook may be able to file a second lawsuit if

and when the losses accrue. *See generally Myers v. Mundelein College,* 331 Ill. App. 3d 710,

713-14, 771 N.E.2d 1113, 1115-16 (2002). But because the parties have not addressed these

points adequately, the Court defers resolution of the issue until trial.

Defendants are entitled to summary judgment on the claim for "mitigation expenses."

From Thornbrook's response and Rule 56.1 submission, it is clear that there is no evidence that it

incurred any *increased* consulting expenses due to defendants' wrongs; rather it simply was

unable to pay certain expenses that it regularly incurred. *See* Thornbrook Resp. at 13-14;

Thornbrook LR 56.1 Resp. ¶¶ 42; Gordon Steele Dep. 72-74.

Defendants are entitled to summary judgment on the claim for "post-revocation interest,"

i.e., lost income from inability to invest the trust property. Although the Court denied Roberts'

request for summary judgment on this point, Rivercross has made a different, and better, argument. From the parties' Rule 56.1 statements, it is undisputed that *all* of the funds Thornbrook deposited with Rivercross came from other persons or entities; in other words, none of it was Thornbrook's own money. *See* Thornbrook LR 56.1 Resp. ¶¶ 15-16. That being the case, the trust *res* would not have been available for Thornbrook to reinvest even had it been returned. Thornbrook may be saying that it hoped for profits from its pie-in-the-sky Letter of Understanding with Rivercross and could have reinvested those profits, but it has not sued for breach of that contract.

Finally, defendants are entitled to summary judgment regarding the claim of lost profits because Thornbrook was unable, due to defendants' breach, to make a capital payment on a golf course development in which it was an investor. A Thornbrook representative has stated by affidavit that if Rivercross had returned the trust *res*, Thornbrook would have been able to make the payment. Gordon Steele Affid. ¶3. But this statement flies in the face of Thornbrook's admission that the trust *res* all belonged to other parties and thus is insufficient to create a genuine issue of fact.

## Conclusion

For the reasons stated above, the motion of defendants Rivercross, Mahany and Maslowski for summary judgment [docket # 124-1, 140-1] is granted in part and denied in part. The motion is granted as to plaintiff's claims for damages for loss of reputation, lost clients, mitigation/overhead expenses, post-revocation interest, and lost profits on investment in a golf course, but is otherwise denied. Roberts' motion for summary judgment has been ruled upon and is therefore terminated [docket # 85-1]. The case is set for a status hearing on August 9, 2004 at

4

9:30 a.m. to discuss the upcoming trial and the possibility that the trial date may need to be

adjusted slightly. Trial counsel for all parties are ordered to appear.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 30, 2004